IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-20046-01-JWL |
| | ) | |
| BYRON RONALDO RODRIGUEZ HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

In April 2008, Byron Rodriguez-Hernandez was indicted for illegally re-entering the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).[1] On September 8, 2008, Mr. Rodriguez-Hernandez pled guilty to the offense and was consequently sentenced to a 57-month term of imprisonment. Mr. Rodriguez-Hernandez, proceeding *pro se*, filed a Motion for Sentencing Adjustment, requesting a reduction in his sentence of six months

---

[1] 8 U.S.C. § 1326(a) states in relevant part:

> [A]ny alien who (1) has been denied admission, excluded, deported, or removed…and thereafter, (2) enters, attempts to enter, or is at any time found in, the United States…shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326(b) provides for enhanced criminal penalties for such aliens in the event that their removal from the United States "was subsequent to a conviction for commission of an aggravated felony."

1

because his alien status renders him ineligible to serve a portion of his sentence in minimum security incarceration and community confinement and therefore subjects him to a harsher sentence than that received by similarly situated citizens. In support of his position, he cites to 18 U.S.C. § 3624(c), which states:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C.A. § 3624(c)(1) (2006).

Mr. Rodriguez-Hernandez asserts that the dissimilar treatment of citizens and certain deportable aliens creates "harsh collateral consequences" for such aliens, justifying a downward departure in their sentences "to mitigate the extraordinary and disparate" penalties they face (doc. #27 at 4-5).[1] He also stated that he would stipulate to his

---

[1] In support of his position, Mr. Rodriguez-Hernandez also cites to *United States v. Restrepo*, 802 F.Supp. 781 (E. D. N.Y. 1992), *vacated*, 999 F.2d 640 (2nd Cir. 1993). There, the district court granted a downward departure from the then-mandatory sentencing guidelines based upon the fact that the individual's status as an alien would result in his serving a sentence under circumstances more severe than those facing citizens. The court found that the defendant would be subject to "unusually harsh collateral consequences" based upon his alien status because he would be subject to deportation and would not be eligible to serve his sentence in a minimum security prison or serve a portion of it in a halfway house or other community confinement facility. *Id.* at 782-83. The court reasoned that granting a departure would help to "ensure a measure of equality in the penalty that is imposed on defendants who are guilty of comparable criminal acts." *Id.* at 785. However, the Second Circuit vacated and remanded the district court's decision, noting that while a downward departure based upon alienage would be permissible in certain circumstances, none of the collateral consequences cited by the district court justified a downward departure. *United States v. Restrepo*, 999 F.2d 640, 642-3 (2d Cir. 1993). Moreover, while some courts have recognized the authority of

deportation if the Court would reduce his sentence by the requested amount.  For the reasons discussed below, the Court concludes that it lacks jurisdiction to provide Mr. Rodriguez-Hernandez the relief he seeks under 18 U.S.C. § 3582.  However, when liberally construed, Mr. Rodriguez-Hernandez's claim can arguably be interpreted as one that might be brought pursuant to 18 U.S.C. § 2255.  Therefore, the Court denies Mr. Rodriguez-Hernandez's motion insofar as it seeks an adjustment of his sentence under 18 U.S.C. § 3582, but grants Mr. Rodriguez-Hernandez additional time to advise the Court whether he would like his Motion for Sentencing Adjustment to be treated as a motion under § 2255.

The Court does not have inherent authority to modify Mr. Rodriguez-Hernandez's sentence.[2]  *United States v. Dando*, 287 F.3d 1007, 1009 (10th Cir. 2002) (citing *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).  "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *Blackwell*, 81 F.3d at 947.  In 18 U.S.C. § 3582, Congress authorized the modification of a sentence once imposed but only in certain limited circumstances.  *Id*. at 947-48.  The Court may modify a sentence under § 3582: "(1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules

---

district courts to grant a departure based upon deportable alien status during the initial sentencing phase for certain crimes, *see United States v. Martinez-Ramos*, 184 F.3d 1055, 1057 (9th Cir. 1999), this Court concludes that it lacks jurisdiction to *resentence* Mr. Rodriguez-Hernandez on this basis under 18 U.S.C. § 3582.

[2] This Court therefore cannot resentence Mr. Rodriguez-Hernandez out of a desire "to prevent a manifest injustice." *United States v. Green*, 405 F.3d 1180, 1185 (10th Cir. 2005).

of Criminal Procedure'; or (3) in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'" *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) (quoting 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B) and (c)(2)). If none of the provisions of § 3582 are applicable, relief may be obtained only by appealing from the sentence[3] or filing a petition under 28 U.S.C. § 2255. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citing *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996)). *See also United States v. Cain*, 191 Fed. Appx. 830, 833 (10th Cir. Aug. 25, 2006) (unpublished opinion).

Because there has been no motion by the Director of the Bureau of Prisons and the applicable sentencing range has not been lowered, Mr. Rodriguez-Hernandez must proceed under a specific statute or Rule 35. *See United States v. Smith*, 238 Fed. Appx. 356, 358 (10th Cir. June 25, 2007) (unpublished opinion), *cert. denied*, 128 S. Ct. 684 (2007). Rule 35 permits the Court to correct or reduce a sentence in two different circumstances. Section (a) authorizes correction for "arithmetical, technical, or other clear error" but only within seven days. Fed.R.Crim.P. 35(a). As Mr. Rodriguez-Hernandez filed his request for a sentence modification more than five months after sentencing, this provision is inapplicable. Section (b) permits the Court to reduce a sentence upon motion of the government where the defendant has provided substantial assistance post-sentencing. Fed.R.Crim.P. 35(b). No such motion has been made. Therefore, Rule 35 is inapplicable to his claim. Moreover, Mr. Rodriguez-Hernandez has cited no other express statutory provision permitting this Court to exercise jurisdiction.

---

[3] Mr. Rodriguez-Hernandez did not appeal his sentence.

Consequently, this Court may not grant Mr. Rodriguez-Hernandez the relief he seeks under 18 U.S.C. § 3582. *See United States v. Alvarado-Carrillo*, 64 Fed. Appx. 151, 152 (10th Cir. Apr. 22, 2003) (unpublished opinion) (affirming district court's denial of a post-sentencing downward departure based upon defendant's post-conviction rehabilitation because none of the § 3582(c) exceptions applied).

Mr. Rodriguez-Hernandez did not identify the specific procedural vehicle for his request and he therefore did not style his motion as one for habeas relief under 18 U.S.C. § 2255. However, as Mr. Rodriguez-Hernandez is a *pro se* litigant, this Court must liberally construe his claim. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). So construed, his claim might be interpreted as a claim of ineffective assistance of counsel at sentencing or the deprivation of another constitutional right, a claim which may be brought pursuant to 18 U.S.C. § 2255. *See United States v. Fennell*, 207 Fed. Appx. 916, 918 (10th Cir. Dec. 7, 2006) (unpublished opinion) (noting that if the defendant were appealing pro se, the court might presume his claims regarding sentencing implied ineffective assistance of counsel at sentencing, although he did not clearly argue ineffective assistance or the denial of a constitutional right). *See also* 28 U.S.C. § 2255(a) (setting forth the potential bases for a claim under § 2255) and *United States v. Smith*, 238 Fed. Appx. at 358 (noting that a defendant may challenge his allegedly unlawful sentence by collaterally attacking it pursuant to 28 U.S.C. § 2255).

Nonetheless, the Court cannot consider Mr. Rodriguez-Hernandez's motion under § 2255 without offering him the opportunity to withdraw his motion rather than have it re-characterized as a § 2255 motion, due to the risks to Mr. Rodriguez-Hernandez of

5

having the motion re-characterized. *See United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002) (permitting prisoner the option of withdrawing motion allows a prisoner the option of forgoing his motion until later, so that it does not "prevent [him] from raising a legitimate claim in a subsequent § 2255 petition"). If this Court construes Mr. Rodriguez-Hernandez's Motion for Sentencing Adjustment under § 2255, any and all motions filed thereafter under § 2255 will be construed as successive, and therefore can only be filed with the permission of the Court of Appeals for the Tenth Circuit. *See United States v. Franklin*, 2006 WL 3240842, at *1 (D. Kan. Nov. 7, 2006).

The Court will consider Mr. Rodriguez-Hernandez's motion as a motion under 18 U.S.C. § 2255 unless Mr. Rodriguez-Hernandez files with the Court a notice of his desire not to have it so treated and thus to withdraw the motion no later than December 7, 2009. *See Castro v. United States*, 540 U.S. 375, 383-84 (2003) (defendants must be made aware of the risk associated with re-characterization of a § 2255 motion and allow the defendant an opportunity to contest the re-characterization, or to withdraw or amend the motion). In the alternative, Mr. Rodriguez-Hernandez may file, no later than December 7, 2009, a motion to amend his motion to set out explicitly his grounds for relief under § 2255, including any additional claims he may have under § 2255. The Court advises Mr. Rodriguez-Hernandez that if he does not so notify the Court of his request to amend the motion or withdraw the motion altogether, his motion requesting a sentencing adjustment will be construed as a § 2255 motion. If Mr. Rodriguez-Hernandez does not respond by the deadline, he will not have the ability to amend the § 2255 motion, and any and all motions filed thereafter under § 2255 will be construed as successive. *See Franklin*, 2006

WL 3240842, at *1.  If Mr. Rodriguez-Hernandez chooses to respond before the deadline and requests to amend his motion under § 2255, he must include all claims that can be brought under 28 U.S.C. § 2255.  *Id*.

It is incumbent upon the court to notify Mr. Rodriguez-Hernandez that there is a one year statute of limitations period under § 2255.  28 U.S.C. § 2255(f).  If Mr. Rodriguez-Hernandez does not respond to this order or chooses to amend his motion to be treated as a § 2255 motion, a § 2255 motion will be considered to have been filed within the period of limitation.  If Mr. Rodriguez-Hernandez chooses to completely withdraw his motion, and later decides to file a motion under § 2255, he must comply with the applicable one year limitations period.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Rodriguez-Hernandez's Motion for Sentencing Adjustment (doc. # 27) is **denied in part and retained under advisement in part** and Mr. Rodriguez-Hernandez is granted until December 7, 2009 to file a supplemental pleading stating whether he wants the Court to treat his Motion for Sentencing Adjustment as a § 2255 motion.  If Mr. Rodriguez-Hernandez elects to have his motion treated as a § 2255 motion, he may also request to amend the motion to include any additional claims for relief under § 2255.

**IT IS SO ORDERED.**

Dated this 6th day of November, 2009, in Kansas City, Kansas.

                                                                     <u>s/ John W. Lungstrum</u>
                                                                     John W. Lungstrum
                                                                     United States District Judge