IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BYRON RONALDO RODRIGUEZ HERNANDEZ,<br><br>Defendant. | Case No. 08-20046-01-JWL |

## **MEMORANDUM AND ORDER**

In April 2008, Byron Rodriguez-Hernandez was indicted for illegally re-entering the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).[1] On September 8, 2008, Mr. Rodriguez-Hernandez pled guilty to the offense and was consequently sentenced to a 57-month term of imprisonment. Mr. Rodriguez-Hernandez, proceeding *pro se*, filed a Motion for Sentencing Adjustment ("Motion"), requesting a six-month reduction in his

---

[1] 8 U.S.C. § 1326(a) states in relevant part:

> [A]ny alien who (1) has been denied admission, excluded, deported, or removed…and thereafter, (2) enters, attempts to enter, or is at any time found in, the United States…shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326(b) provides for enhanced criminal penalties for such aliens in the event that their removal from the United States "was subsequent to a conviction for commission of an aggravated felony."

sentence because his alien status renders him ineligible to serve a portion of his sentence in minimum security incarceration and community confinement and therefore subjects him to a harsher sentence than that received by similarly situated citizens (Doc. #27). The Court concluded that it lacked jurisdiction under 18 U.S.C. § 3582 to grant Mr. Rodriguez-Hernandez the relief he requested.[1] (Doc. #30). However, the Court found that his claim might be liberally construed as a claim of ineffective assistance of counsel at sentencing and therefore one that might properly be brought pursuant to 18 U.S.C. § 2255.[2] As a result, the Court granted Mr. Rodriguez-Hernandez additional time to advise the Court whether he would like his Motion to be treated as a § 2255 motion. The Court notified Mr. Rodriguez-Hernandez that it would consider the Motion as one asserted under § 2255 unless he filed a notice of his desire to not have it so treated by December 7, 2009. As Mr. Rodriguez-Hernandez did not file such a notification, the Court now proceeds to analyze his claim as one asserted pursuant to § 2255. For the reasons discussed below, the Court concludes that the counsel provided by Mr. Rodriguez-Hernandez's attorney was not rendered constitutionally deficient by his failure to request a downward departure or variance on the basis of Mr. Rodriguez-Hernandez's status as a deportable alien. As the Court finds that this is the only claim of constitutional error that

---

[1] 18 U.S.C. § 3582 provides three circumstances when the Court may modify a sentence already imposed. The Court concluded that none of these circumstances applied.

[2] Mr. Rodriguez-Hernandez might seek correction of the allegedly wrongful sentence by direct appeal, by filing a petition under 28 U.S.C. § 2255, or by requesting a sentence reduction pursuant to 18 U.S.C. § 3582. *See United States v. Garcia-Emanuel*, 112 Fed. App'x 713, 714 (10th Cir. 2004) (unpublished opinion) (explaining that where the motion does not qualify as a direct appeal or a collateral attack under § 2255, "the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)").

could plausibly be implied from Mr. Rodriguez-Hernandez's Motion,[3] the Court denies the § 2255 petition.

Mr. Rodriguez-Hernandez does not allege that any sentencing error occurred in violation of his rights under federal law or the Constitution, or that his attorney provided ineffective assistance in the course of sentencing.[4] Rather, Mr. Rodriguez-Hernandez requests that the Court reduce his sentence because dissimilar treatment of citizens and certain deportable aliens creates "harsh collateral consequences" for these aliens and, as such an alien, he is subject to such "extraordinary and disparate" penalties. Nevertheless, as Mr. Rodriguez-Hernandez proceeds *pro se*, the Court will liberally construe his Motion as raising an issue of whether his attorney provided ineffective assistance of counsel by failing to request a downward departure or variance[5] on the basis that Mr. Rodriguez-Hernandez's alien status made him ineligible to serve a portion of his sentence in a minimum security facility or in community confinement.[6] *See United States v.*

---

[3] Even if Mr. Rodriguez-Hernandez's Motion were construed as alleging an equal protection claim, the Tenth Circuit has concluded that the ineligibility of deportable aliens for confinement in certain facilities geared towards the rehabilitation of prisoners does not violate equal protection. *United States v. Tamayo*, 162 Fed. App'x 813, 816, 2006 WL 52792, at * 3 (10th Cir. Jan. 11th, 2006) (unpublished opinion).

[4] The Court notes that it provided Mr. Rodriguez-Hernandez with an opportunity to amend his Motion to clearly include such claims, but that he chose not to do so within the ample time provided.

[5] Mr. Rodriguez-Hernandez was sentenced at the low end of the guidelines range for the crime he committed. Therefore, any reduced sentence would be considered a downward departure or variance from the applicable guidelines range.

[6] Mr. Rodriguez-Hernandez points to 18 U.S.C. § 3624(c) in support of his contention that he would have been permitted to spend a portion of his prison sentence in a community correctional facility had he not been considered ineligible. This provision states:

*Fennell*, 207 Fed. App'x 916, 918, 2006 WL 3518009, at *2 (10th Cir. Dec. 7, 2006) (unpublished opinion) (noting that if the defendant were appealing *pro se*, the court might presume his claims regarding sentencing implied ineffective assistance of counsel at sentencing, although he did not clearly argue ineffective assistance or the denial of a constitutional right).

To establish that his attorney provided ineffective assistance of counsel, Mr. Rodriguez-Hernandez would have to demonstrate that his counsel's performance "fell below an objective standard of reasonableness" and that this "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Review of counsel's performance under the first prong of the Strickland test is highly deferential. *Barkell v. Crouse*, 468 F.3d 684, 689 (10th Cir. 2006). "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. (quoting *Strickland*, 466 U.S. at 690). To be deficient, "the performance must be 'outside the wide range of professionally competent assistance.'" *Id*. (quoting *Strickland* 466 U.S. at 690). Counsel's decisions are presumed to represent "sound trial strategy" and, to be constitutionally ineffective, counsel's performance "must have been completely unreasonable, not merely wrong."

---

The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C.A. § 3624(c)(1) (2006).

*Id.* (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999)). Therefore, it must be demonstrated that Mr. Rodriguez-Hernandez's attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Sallahdin v. Mullin*, 380 F.3d 1242, 1247 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

Mr. Rodriguez-Hernandez cannot establish that his counsel's conduct fell below an objective standard of reasonableness based upon his alleged failure to request a downward departure or variance in the circumstances presented here. Though Mr. Rodriguez-Hernandez's counsel might have moved for a downward departure or requested the Court to exercise its *Booker* discretion to grant a variance, on the grounds of his status as a deportable alien, the Tenth Circuit has concluded that "collateral consequences of deportable alien status," such as those asserted by Mr. Rodriguez-Hernandez, are not a basis for granting a departing downward. *See United States v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993), *impliedly overruled on other grounds by United States v. Fagan*, 162 F.3d 1280 (10th Cir. 1998). *See also United States v. Tamayo*, 162 Fed. App'x 813, 814 (10th Cir. Jan. 11th, 2006) (unpublished opinion) (holding that the "collateral consequences" of being a deportable alien, such as being ineligible to serve the sentence in a minimum security prison or to spend a portion of it in a halfway house or in home confinement, do not warrant a downward departure). There is also no Tenth Circuit precedent suggesting that a discretionary downward variance would have been appropriate, and this Court, while recognizing that discretion, does not believe that these circumstances warrant such an action. Therefore, it was

5

reasonable for Mr. Rodriguez-Hernandez's attorney to not request an additional reduction in Mr. Rodriguez-Hernandez's sentence based upon his status as a deportable alien.[7] Moreover, the Court would have denied any request for a departure, based upon Tenth Circuit precedent, and would have declined to exercise its Booker discretion to vary because of the policy considerations underlying these decisions. Consequently, Mr. Rodriguez-Hernandez could not establish that he suffered prejudice from his counsel's failure to make such a request. For these reasons, the Court concludes that Mr. Rodriguez-Hernandez has not demonstrated that his attorney provided constitutionally deficient counsel and his Motion, construed as a § 2255 petition, is therefore denied.

---

[7] In support of his position, Mr. Rodriguez-Hernandez cites to *United States v. Restrepo*, 802 F.Supp. 781 (E.D. N.Y. 1992), *vacated*, 999 F.2d 640 (2nd Cir. 1993), where the district court granted a downward departure from the then-mandatory sentencing guidelines based upon the fact that the defendant's status as an alien would cause him to serve a sentence more severe than that faced by a citizen. However, the Second Circuit actually vacated and remanded the district court's decision in *Restrepo*, explaining that the collateral consequences cited by the district court did not warrant a downward departure. *United States v. Restrepo*, 999 F.2d 640, 642-3 (2d Cir. 1993). Moreover, while some circuits might consider deportable alien status a permissible basis upon which to depart downwards for certain offenses, *see United States v. Martinez-Ramos*, 184 F.3d 1055, 1057 (9th Cir. 1999), it has also been recognized that this status is not an appropriate consideration where the defendant has been convicted under 18 U.S.C. § 1326(a) for unlawfully reentering the United States, as "[a]ll defendants found guilty of violating 18 U.S.C. § 1326(a) will be deportable aliens, subject to the same sentencing constraints that apply to all other defendants found guilty of violating § 1326(a)." *Id.* at 1058 (concluding that the defendant's status as a deportable alien who would be ineligible for minimum security incarceration and community confinement did not provide a basis to depart from the sentencing guidelines where the defendant had been convicted of violating § 1326). This is because the crime assumes a defendant who is a deportable alien, and the Sentencing Commission therefore "by definition must have factored deportable alien status" into the guideline for the offense. *Id*.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Rodriguez-Hernandez's Motion for Sentencing Adjustment, construed as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #27) is **denied**.

**IT IS SO ORDERED.**

Dated this 4th day of January, 2010, in Kansas City, Kansas.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge